# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No.  6:25-CV-00469-LS |
| | § | |
| JORDAN ISAIAH ESCAMILLA | § | |
| BROWN, LIZETT LAGUNA, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

Plaintiff Nationstar Mortgage LLC moves to serve Defendants Jordan Isaiah Escamilla Brown and Lizett Laguna by publication. Federal Rule of Civil Procedure 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff is attempting to serve Defendants in Texas,[1] which permits service by publication if, "after due diligence," a plaintiff has "been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State."[2]

Plaintiff attempted service on Defendants' last known address four times and ascertained that Defendants abandoned the home.[3] Despite the server's efforts, Plaintiff could not identify where either Defendant currently resides or reach either Defendant by phone.[4] Defendants'

---

[1] *See* ECF No. 17 at 2.
[2] Tex. R. Civ. P. 109.
[3] *See* ECF No. 17-1 at 5.
[4] *Id.* at 5–6.

whereabouts therefore remain unknown after Plaintiff's due diligence, and at least one Defendant appears to be absent from the state.[5]

The Court accordingly **GRANTS** Plaintiff's motion for substituted service [ECF No. 17]. Plaintiff shall request issuance of summons consistent with the Texas Rules of Civil Procedure and Federal Rules of Civil Procedure 4(a) and 12(a), and "hav[e] the same published once each week for four (4) consecutive weeks, the first publication to be at least twenty-eight (28) days before the return of the citation."[6] Because this case involves the title to land, "such publication shall be made in the county where the land, or a portion thereof is situated."[7] As Plaintiff attempted service and demonstrated good cause for failure to serve,[8] the Court extends the service deadline to **June 26, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 27, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Id.*

[6] Tex. R. Civ. P. 116.

[7] *Id.*

[8] Fed R. Civ. P. 4(m); *see also Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) ("'[G]ood cause' . . . require[s] *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance to the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." (quoting 10 Wright & Miller's Federal Practice and Procedure § 1165 (1985))).